

The Crown Building | 304 S. Franklin St. | Syracuse, NY 13202
Main: 315.422.4742 | Fax: 315.478.6503
george@georgehildebrandt.com | **www.georgehildebrandt.com**

August 26, 2017

By ECF
Hon. Frederick J. Scullin, Jr.
Senior U.S. District Court Judge
U.S. District Court, NDNY
P.O. Box 7255
Syracuse, NY 13261-7255

       RE:    *U.S. v. Keith Max Pierce*
                 15-CR-169(FJS)
                 Termination of Supervised Release

Dear Judge Scullin:

Please consider this letter and the accompanying material as the Defendant's application for early termination of his supervised release pursuant to 18 USC §3583(e)(1) and Fed. R. Crim. P. 32.1(c). On information and belief, Mr. Pierce was released from the Bureau of Prisons on April 7, 2015 to begin serving a three-year term of supervised release. His term should therefore expire in a little more than seven months. He has served the 29 months of his supervised release term without incident.

Mr. Pierce was convicted in the District of Utah of possession of a machine gun in violation of 18 USC §922(o). Mr. Pierce was raised and has family in Onondaga County, and his supervised release was transferred to the Northern District of New York upon his release from the Bureau of Prisons. A review of the pre-sentence report reflects that his offense carried a guideline range of 33-41 months. There was apparently a plea agreement, however, pursuant to Fed. R. Crim. P. 11(c)(1)(C) with a provision for a below-guideline sentence of 24 months, and a 36-month term of supervised release. The court accepted the plea agreement and imposed the non-guideline sentence; moreover, the court recommended that the Bureau of Prisons permit Mr. Pierce to serve the remainder of his sentence in a halfway house, although for unknown reasons that request was not honored.

Mr. Pierce's continuation on supervised release serves little purpose. He reports monthly by submitting a form by mail, as he has for many months. The only "special condition" of release required him to seek mental health counseling, which he attended as directed for the first several months of release before being successfully discharged. Mr. Pierce has never used drugs, and consumed alcohol on at most a handful of occasions in his life. There is no release condition relating to drug or alcohol testing or treatment.



*Hon. Frederick J. Scullin, Jr.*
*U.S. v. Keith Max Pierce -August 26, 2017*
*Page 2*


Mr. Pierce works as an IT technician for a company in Syracuse, where he has been employed for the past two years.  His most recent work assessment is attached.  Among other strengths, the reviewer notes Keith's selflessness in assisting others, his skills and his commitment to producing excellent work quality.  In his spare time, Mr. Pierce is a den leader for Cub Scout Troop 175 in Liverpool.  He has been active in Scouting throughout his life, and as reflected by the attached certificate, attained the rank of Eagle Scout from the same troop.  Mr. Pierce is a member of the Church of Jesus Christ of Latter-Day Saints, and attends the church in Liverpool weekly.  The Scout Troop he leads meets at the church, and while school is not in session during the summer months, Mr. Pierce leads the Scouts in other activities.

Given the above, especially Mr. Pierce's faithful obedience to the conditions of his supervised release, I respectfully submit that the interests of justice – including the efficient use of the probation department's and Court's resources – and Mr. Pierce's conduct warrant his release from supervision. Mr. Pierce advises that he has a tentative job offer in Florida, and termination of his supervised release would allow him to pursue that opportunity.

Mr. Pierce is more than willing to appear before the Court to address any questions or concerns you may have. Thank you for your consideration.


Very truly yours,

*George Hildebrandt*

George F. Hildebrandt


GFH/kld
Encl.

cc:      U.S. Attorney's Office, NDNY
         (by ECF)
         US Probation Office, NDNY
         (by ECF)